## ZANDER v. FANSLAW.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7917. Decided Feb. 6, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

841. NEW TRIAL—480. Evidence.

On hearing of motion for new trial, court has discretion as to whether it will proceed in accordance with rule as to affidavits or hear oral testimony in support of motion.

923. PLEADINGS.

Where release has not been pleaded, counsel may make motion to amend pleading, even after judgment, by inserting release in amended answer.

Error to Common Pleas.
Judgment affirmed.

J. H. Reed and E. C. and G. H. Schwan, Cleveland, for Zander.

D. Wasserman, Cleveland, for Fanslaw.

STATEMENT OF FACTS.

This cause is here on error from the Court of Common Pleas of Cuyahoga County, and it is sought to reverse the judgment of the court below upon the ground that, upon a motion for a new trial, the court refused to allow the admission of a paper writing called a release, and other evidence of an oral nature, to support the motion for a new trial which was made on the ground that, by reason of a change of attorneys and the absence of an attorney, the plaintiff in error did not have a fair and impartial trial.

The cause of action is based upon a claim of personal injuries growing out of an automobile collision, happening Sept. 15, 1925, wherein a judgment for plaintiff below was recovered, and it is sought to set this judgment aside upon the grounds stated.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

SULLIVAN, PJ.

From a reading of the record it appears that what the court objected to was hearing the motion on oral testimony, instead of by affidavits to support the motion, and the question arose, not as to the abuse of sound discretion in the overruling of the motion, but as to whether, specifically speaking, the court was guilty of an abuse of sound discretion by being willing to have affidavits, to support the motion, submitted to it, instead of oral testimony, according to the practice of the court, and under the rules in cases of the character like the one at bar.

On account of the deficiency in the pleading above noted, it is clear that the release was

not competent, and it is also clear that the court had a right to exercise discretion with respect to oral testimony or affidavits to support the motion. We do not think there was an abuse of discretion in this respect, and, therefore, hold that there is no prejudicial error in the record.

We are unanimously of the view that, at the court's suggestion to supply affidavits to support the motion, counsel should have complied with the request, and if such had been done, this court could then have considered the question as to whether there was an abuse of sound discretion.

Again, counsel, under the authorities, could have made a motion to amend the pleadings, even after judgment, by inserting the release in his amended answer, but he did not see fit to do so, and therefore, the court could not consider the question of the release.

Thus holding, we do not think there was any prejudicial error and the judgment of the court below is hereby affirmed.

(Vickery and Levine, JJ., concur.)